UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE M. D.,[1]<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　　　Defendant. | Case No.: 3:22-cv-00318-BEN-DEB<br><br>**ORDER: (1) ADOPTING-IN-PART REPORT AND RECOMMENDATION; and (2) REMANDING TO THE COMMISSIONER OF SOCIAL SECURITY**<br><br>[Docket Nos. 14, 15, 16, and 19] |

　　　　Plaintiff Joyce M. D. ("Plaintiff") filed this action seeking judicial review of the Social Security Commissioner's ("Defendant") denial of Supplemental Security Income benefits. ECF No. 1. The parties filed cross-motions for summary judgment, and Plaintiff replied. ECF Nos. 15, 16, 17. Magistrate Judge Daniel Butcher issued a Report and Recommendation ("R&R"), which recommended this Court deny Plaintiff's Motion for Summary Judgment and Grant Defendant's Motion for Summary Judgment, thereby affirming the decision of the Commissioner. ECF No. 19. Specifically, the R&R found

---

[1] Pursuant to Local Rule 7.1(e)(6)(b), this Order identifies the non-government party by the first name and initial of the last name.

1

the Administrative Law Judge ("ALJ") had sufficiently explained the consistency and supportability factors when evaluating each medical provider's opinion.

Plaintiff filed an Objection to the Report and Recommendation. ECF No. 20, Objection to Report & Recommendation ("Obj."). Defendant did not submit a Reply. For the reasons that follow, the Court **ADOPTS-IN-PART** the Report and Recommendation.

## I. BACKGROUND

The Report and Recommendation ("R&R") sufficiently details the pertinent administrative record ("AR") relevant to Plaintiff's arguments. The Court will not repeat it here but will note relevant facts as warranted in the Court's analysis.

## II. LEGAL STANDARDS

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

"The Court must affirm the ALJ's findings if the findings are supported by substantial evidence and are free from reversible legal error." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal

quotation marks and citations omitted).

Relevant here, "[t]he agency <u>must articulate</u>…how persuasive it finds all of the medical opinions from each doctor or other source, <u>and explain how [it] considered</u> the supportability and consistency factors in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (emphasis added) (internal citations and quotations removed, cleaned up). The supportability factor requires a medical source to support the opinion by explaining the "relevant objective medical evidence." *Id*. at 791. The consistency factor requires an ALJ to evaluate whether a medical opinion is "consistent…with the evidence from other medical sources and nonmedical sources in the claim." *Id*. at 791-92. The ALJ is required to explain both the supportability and consistency factors. *See* 20 C.F.R. § 416.920c(b)(2).

### III. DISCUSSION

Plaintiff makes one objection to the R&R, arguing the ALJ's discussion of four medical opinions was legally insufficient. Obj. at 1. Plaintiff's arguments reveal a tension between the need to evaluate the record as a whole and the ALJ's burden to articulate the persuasiveness of each medical opinion. Although courts may look to the record as a whole to verify support for an ALJ's determinations, the ALJ must still articulate its reasoning in a non-conclusory manner. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). A court is required to review "the ALJ's decision based on the reasoning and factual findings offered by the ALJ[,]" not piece together support from the record after the fact. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

"Even under the new regulations, an ALJ cannot reject an…opinion as unsupported or inconsistent without providing an explanation. . . ." *Woods*, 2 F.4th at 791-92 (emphasis added); *Cf. Ardoin v. Comm'r of Soc. Sec. Admin.*, No. CV-22-01358-PHX-DJH, 2023 WL 6173215 at *9 (finding ALJ's only offered reasoning "contradictory" and therefore not supported by substantial evidence); *Townsend v. Comm'r of Soc. Sec. Admin.*, CV-21-08129-PCT-DWL, 2022 WL 3443678 at *3-7 (D.

Az. Aug. 17, 2022) (reviewing specific reasons ALJ articulated for finding medical provider's opinion unpersuasive). With this in mind, the Court turns to Plaintiff's arguments regarding the ALJ's treatment of each medical provider.

### 1. Dr. Amado

On October 28, 2020, Dr. H. Amado (a state agency mental health consultant) reviewed the record and offered opinions on Plaintiff's mental functioning in four broad categories known as "paragraph B criteria." *See Woods*, 2 F.4th at 794. Dr. Amado opined Plaintiff had moderate limitations across all four categories. AR 70-71. Dr. Amado further opined despite these limitations, Plaintiff would be capable of accepting supervision, getting along with prospective coworkers, and adapting to minimal changes in a low stress work setting. *Id*. at 65-71. However, Dr. Amado opined Plaintiff should have no more than incidental contact with the general public. The ALJ found this opinion minimally persuasive with the following explanation:

> "Although [the opinion] was supported… it was not consistent with the evidence as a whole as of or after the claimant's prospective filing date. Dr. Amado placed too much reliance on the history prior to the protective filing date. Specifically, a longitudinal review of the claimant's course of treatment and symptom complaints showed that her mental health conditions were largely related to her behavior and interaction with others based on the status of her relationship with her children."

AR 27-28.

Plaintiff argues that the ALJ's findings for the consistency factor is legally deficient because the relevant regulations require the ALJ to take consideration of a claimant's longitudinal psychiatric history.[2] ECF No. 15, Plaintiff's Motion for Summary Judgment ("MSJ") at 14. Compounding this issue, Plaintiff argues the ALJ failed to specify which evidence in the longitudinal history was not probative of Plaintiff's functioning. *Id*. at 14-15. The R&R concludes the ALJ's explanation is

---

[2] *See* 20 C.F.R. 404, Subpt. P, App'x 1 § 12.00(C)(2)(b) and (C)(5); 20 CFR § 416.920a(c)(2).

sufficient, citing to evidence in the record which generally supports the ALJ's determination. R&R at 6.

Although the R&R's statement of the evidence on record is accurate, the Court must also agree this is not the explanation the ALJ provided. Plaintiff (correctly) argues in her Objection that "the ALJ never purported to find Dr. Amado's opinion inconsistent with Plaintiff's daily activities, the opinion of any other mental health profession, nor Plaintiff's testimony[.]" Obj. at 3. The Court finds the ALJ's explanation of the consistency factor with respect to Dr. Amado insufficient and in error.

### 2. Dr. Katzman

On January 14, 2020, Plaintiff underwent a psychological evaluation performed by Dr. Mara Katzman in relation to her on-going family law proceedings. AR 286-91. Dr. Katzman obtained clinic observations and administered cognitive tests. *Id*. The ALJ summarized the testing by stating, "Cognitive testing results showed that [Plaintiff] was in the average range of cognitive functioning, but there was a discrepancy in scores and she lacked successful performance in certain areas which was suggestive of anxiety interfering with her performance." *Id*. at 25. When evaluating Dr. Katzman's opinion, the ALJ noted "Dr. Katzman did not include functional limitations[,]" and found Dr. Katzman's opinion partially persuasive. *Id*. at 28. Regarding the consistency factor, the ALJ noted, "the records as a whole, including individual therapy, was more consistent with moderate limitations in the claimant's ability to interact with others." *Id*.

Plaintiff points to four errors in the ALJ's treatment of Dr. Katzman's report. First, Plaintiff argues the ALJ erroneously concluded that Dr. Katzman's report did not contain functional limitations. MSJ at 22. The R&R also found that Dr. Katzman's report did not contain functional limitations, explaining, "Although Dr. Katzman evaluated aspects of Plaintiff's psychological functioning, she did not provide any functional limitation ratings." R&R at 7. After review of Dr. Katzman's report, the Court agrees with the ALJ and the R&R that Dr. Katzman did not provide any functional limitations. *See* AR 286-91. Second, Plaintiff argues the ALJ failed to acknowledge or discuss Dr. Katzman's

findings "at any point in his decision." Obj. at 7. The R&R notes the ALJ cited to Dr. Katzman's report when explaining the medical opinions considered in determining Plaintiff's Residual Functional Capacity ("RFC") relevant to the third category of paragraph B criteria. R&R at 8 (citing AR 20-21). This is accurate.

Third, Plaintiff argues the ALJ inaccurately summarized and glossed over Dr. Katzman's findings by stating, "[c]ognitive testing results showed that [Plaintiff] was in the average range of cognitive functioning[.]" Obj. at 7 (citing AR 25). However, review of Dr. Katzman's report reveals the ALJ's summary almost verbatim mirrors Dr. Katzman's summary of her own findings. *See* AR 290 ("[Plaintiff] …. appeared to be <u>functioning in the average range</u> of cognitive development.") (emphasis added). The Court cannot find the ALJ "glossed over" or grossly misstated Dr. Katzman's test results by summarizing them in Dr. Katzman's own words. Combined with the ALJ's citation to Dr. Katzman's report in his evaluation of the RFC, the Court cannot say this was in error. The R&R reached the same conclusion. R&R at 8.

Finally, Plaintiff argues the ALJ's discussion regarding the consistency factor is legally deficient. The ALJ's discussion of the consistency factor is limited to one-half of a sentence, stating, "…the record as a whole, including individual therapy, was more consistent with moderate limitations in the claimant's ability to interact with others." AR 28. The R&R concludes the ALJ's discussion is sufficient, noting the ALJ found consistencies between Dr. Katzman's report and the mild limitations on which Drs. Nicholson and Jacobs opined. R&R at 9.

Although the Court agrees that Dr. Katzman's findings are generally consistent with the opinions of Drs. Nicholson and Jacobs, the Court again notes this is not the reasoning identified by the ALJ. The Court cannot conclude that identifying "the record as a whole" is consistent with the ALJ's own assessment of Plaintiff's RFC and sufficient to meet the ALJ's burden to articulate the consistency factor. Accordingly, the Court must agree with Plaintiff that the reasoning the ALJ provided was insufficient.

### 3. Dr. Nicholson

On October 21, 2020, Plaintiff attended a psychiatric consultant examination performed by Dr. Gregory Nicholson.[3] AR 444-49. The ALJ found Dr. Nicholson's opinion fully persuasive but indicated subsequent treatment records were "more consistent" with the moderate limitation in the RFC concerning Plaintiff's ability to interact with others. AR 28. To support this, the ALJ cites to Plaintiff's ongoing troubles related to her relationship with her children. *Id*. Plaintiff argues this is another example of the ALJ's insufficient, cursory treatment of the consistency factor. MSJ at 20; Obj. at 9. The Court agrees with Plaintiff.

### 4. Dr. Jacobs

Dr. Uwe Jacobs reviewed the record on February 4, 2020. AR 83-87. Dr. Jacobs opined that Plaintiff's mental health conditions were non-severe, and Plaintiff had no more than mild limitations with respect to paragraph B criteria. *Id*. In an almost identical sentence to that used for Dr. Nicholson, the ALJ explained that "the record as a whole" supported a moderate restriction in the paragraph B criteria of getting along with others, citing again to Plaintiff's ongoing troubles with her relationship with her children. *Id*. at 28. The reasoning provided being almost identical, this too is insufficient to meet the ALJ's articulation burden.

### 3. Harmless Error Analysis.

Although the Court has identified errors respecting the ALJ's treatment of all four medical providers, that is not the end of the inquiry. The Court must now evaluate whether these errors were harmless. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). An error can be considered harmless when it is "irrelevant to the ultimate disability conclusion when considering the record as a whole." *Katherine T. v. Kijakazi*, No. 22-cv-00396-KSC, 2022 WL 17540791 at *6 (S.D. Cal. Dec. 8, 2022) (citation

---

[3] As referenced in the R&R, the ALJ erroneously refers to Dr. Nicholson as "Dr. Gregory" throughout the opinion. R&R at 10 n.8.

omitted). Plaintiff argues the ALJ's cursory explanation is prejudicial for all four providers. Three out of the four providers made findings consistent with the ALJ's determination that Plaintiff suffered mild impairment in all but one paragraph B criteria. The sole exception to this is Dr. Amado, who found moderate limitations across the board.

Plaintiff argues a proper review of Dr. Amado's decision could potentially lead to a finding of disability because Dr. Amado had initially believed Plaintiff may meet or equal Listing 12.08 for her personality disorder, which would require a finding of disability as a matter of law at step three. *See* MSJ at 16. The Court notes this comment[4] by Dr. Amado was made in June 2020, four months prior to Dr. Amado's review of the record and functional limitations opinion. After Dr. Amado made this statement, additional medical records were received, as well as commentary on Plaintiff's ADLs, which Dr. Amado incorporated into his assessment. AR 66-67.

Similarly, Plaintiff argues the specific deficiencies Dr. Katzman noted in the test results are relevant to, and could potentially modify, Plaintiff's RFC. MSJ at 20; Obj. at 6. Plaintiff specifically points to test results in the areas of cognition where Plaintiff scored in the low average range, as well as scores below or just below average. *See* AR 288-90. Despite finding Plaintiff scored below average in certain areas, the only truly notable deficit was a "great difficulty in being creative or innovative." AR 289. Additionally, Dr. Katzman's report contains almost equal test findings where Plaintiff scored very well or had notable abilities. *See id*. at 288-89 ("[Plaintiff's] highest scores were in the areas of vocabulary, comprehension and similarities suggestive of excellent

---

[4] Dr. Amado stated, in relevant part: "Evidence on file is strongly evocative of a cluster-B personality disorder, although this diagnosis has not been the focus of treatment as-such. Do not think we have quite sufficient information for an allowance at this time, although at your discretion we could certainly 'PD' the claim while completing adjudication . . . . Would also emphasize importance of functional forms if we are to consider an allowance in the end . . . ." AR 65 (comment dated 6/23/20).

ability to benefit from learning activities, excellent ability to use common sense and make good judgments and very good ability to think in the abstract.").

Plaintiff argues much the same for Dr. Nicholson,[5] who opined that Plaintiff would be "mildly limited" in her ability to perform work activities without special or additional supervision, as well as her ability to maintain regular attendance.  AR 448-49.  Plaintiff notes even mild limitations in the ability to maintain regular attendance could be work preclusive.  Obj. at 10; *see also* AR 51 (vocational expert indicating more than three absences a month would be work preclusive).  Although Plaintiff points to Dr. Nicholson's notation of limitations regarding the need for supervision and maintaining work attendance, Dr. Nicholson still only opined mild limitations across the board, also noting that "claimant's condition is expected to improve in the next twelve months with active treatment."  AR 448.

Here, the Court must thread the tension noted at the beginning of this Order: the Court must look to the record as a whole when determining whether the ALJ's decision is supported by substantial evidence, but the Court is also constrained to the reasons set forth by the ALJ.  In this case, the explanations of these reasons are woefully inadequate.  This is especially apparent given the contradictory reasoning provided with respect to Drs. Amado, Nicholson and Jacobs.  While the ALJ discounted Dr. Amado's opinion due to overreliance on the longitudinal history because it was "based on the status of her relationship with her children[,]" the ALJ goes on justify deviations from the opinion of other medical sources due to ongoing difficulties evidenced by Plaintiff's issues with her children.  *See* AR 28.  This is essentially the ALJ admitting such evidence is probative to the ultimate decision but inexplicably using the same to *discount* Dr. Amado's opinion.  Unfortunately, this is the *only* explanation the ALJ points to for the consistency factor for all three doctors.

---

[5] *See* MSJ at 20-22; Obj. at 10-11.

Ultimately, the Court cannot fairly say the ALJ's errors were harmless. Despite support in the record for the ALJ's conclusions, the ALJ failed to articulate the consistency factor for <u>every single mental health medical source</u> it assessed on the record. *See* AR 25-28. This assessment aligns with other district courts. *See Gurule v. Comm'r of Soc. Sec. Admin.*, No. CV-21-01651-PHX-DGC, 2022 WL 3025747 at *5-6 (D. Az. Aug. 1, 2022) (ALJ's conclusory language and lack of discussion of consistency factor warranted remand) and *Ardoin*, 2022 WL 6173215 at *9 (finding ALJ's sole reason for discounting medical opinion contradictory and therefore not supported by substantial evidence).

Here, the Court is mindful it cannot piece together "post hoc rationalizations" for the ALJ's finding. *Bray*, 554 F.3d at 1225. Noted above, the record reflects evidence which could be weighed either direction, including supporting the ALJ's determination. But it is not the Court's role to substitute its own judgment (or reasoning) for the ALJ's judgment and reasoning. Here, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination[,]" *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006), because it cannot properly discern the ALJ's reasoning at all.

## IV. CONCLUSION

The Report and Recommendation is **ADOPTED-IN-PART**. The Court **GRANTS** the Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment. The case is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this Order. The Court further directs that Judgment be entered for Plaintiff in this matter.

**IT IS SO ORDERED.**

DATED: September 28, 2023

_____
HON. ROGER T. BENITEZ
United States District Judge